UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| MARTY W. THOMAS | ) | |
|---|---|---|
| *Petitioner,* | ) | |
| v. | ) | 1:11-cv-283 |
| | ) | *Chief Judge Curtis L. Collier* |
| DAVID SEXTON, WARDEN | ) | |
| *Respondent.* | ) | |

## MEMORANDUM

Marty W. Thomas ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 2). Petitioner seeks review of his 2002 state convictions–four counts of aggravated rape and one count of aggravated burglary. Presently before the Court are Petitioner's motion for summary judgment (Court File No. 10), Respondent's motion to dismiss Petitioner's § 2254 petition as time-barred (Court File No. 16),[1] and Petitioner's motion for default judgment (Court File No. 17).

Petitioner's motion for default judgment will be **DENIED** (Court File No. 17), as Respondent filed a timely response, and Petitioner subsequently notified the Court he received the Respondent's timely filed response and requested the Court to disregard the motion for default judgment (Court File No. 17).

---

[1] Although Respondent labeled his pleading "Motion to Dismiss Petition" (Court File No. 16), the Court will treat it as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure because his motion relies on documentary evidence in addition to the pleadings, and Petitioner filed a 158-page response to the motion which included *inter alia* state documents.

After reviewing the record and the applicable law, the Court concludes Petitioner's § 2254 petition is time-barred.[2] Therefore, Petitioner's motion for summary judgment will be **DENIED** (Court File No. 10), Respondent's motion to dismiss/summary judgment will be **GRANTED** (Court File No. 16), and Petitioner's habeas petition will be **DISMISSED** as time-barred (Court File No. 2).

I.   **TIMELINESS OF THE § 2254 PETITION**

   A.   **Applicable Law**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. Title 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

   B.   **Procedural History**

On November 15, 2002, Petitioner was convicted of four counts of aggravated rape and one count of aggravated burglary by a Hamilton County Jury and received a total sentence of fifty-four

---

[2] Although Respondent's motion is somewhat lacking as it did not provide the documents from the state court record as previously ordered by the Court (Court File No. 9, fn 3), the record as a whole provided the pertinent dates and documents. Also lacking in Respondent's motion to dismiss is any analysis regarding the effect of Petitioner's motion to reopen his state post-conviction petition on the statute of limitations.

2

(54) years. Petitioner pursued his right to appeal. On direct appeal Petitioner's convictions and sentences were affirmed. The Tennessee Supreme Court denied permission to appeal. *State v. Thomas*, 2004 WL 1592816 (Tenn. Crim. App., July 16, 2004), *app. denied*, (Tenn. Dec. 20, 2004). Petitioner filed a state post-conviction petition on November 18, 2005 (Court File Nos. 2, at 3 and 2-1, at 6). State post-conviction relief was denied by the trial court on August 1, 2007 (Court File No. 2-1, at 19-22). The Tennessee Court of Criminal Appeals affirmed the denial on August 14, 2008, *Thomas v. State*, No. E2007-02000-CCA-R3-PC (Tenn.Crim.App. 2008) (Court File No. 19-1, at 46-57), and the Tennessee Supreme Court denied permission to appeal on January 20, 2009 (Court File No. 19-1, at 59).

On May 1, 2009, Petitioner filed a motion to reopen his state post-conviction proceedings (Court File No. 19-1, at 60-95). The Hamilton County Criminal Court dismissed the motion on May 7, 2009 (Court File No. 19-2, at 97-98). The Tennessee Court of Criminal Appeals affirmed the denial on December 22, 2009 (Court File 19-1, at 103-106). On March 22, 2010, the Supreme Court of Tennessee dismissed as untimely his application for permission to appeal (Court File No. 19-1, at 107). Petitioner then filed a motion to rehear which the Tennessee Supreme Court denied on April 9, 2010. Petitioner subsequently filed this habeas petition on April 29, 2010, or May 3, 2010. Although Petitioner declared under penalty of perjury that he placed his habeas petition in the prison mail system on April 29, 2010, the stamp on the envelope reflects that it was received in the NECX Mailroom on May 3, 2010. Nevertheless, regardless of which date is used, the petition is untimely.

**C.     Analysis**

The record reflects Petitioner's direct appeal concluded on December 20, 2004, and his convictions and sentences became final on March 21, 2005–ninety days after December 20, 2004,

3

when the Tennessee Supreme Court denied permission to appeal.[3] *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (finding the one year statute of limitations began to run at the expiration of the time for filing a petition for a writ of certiorari in the United States Supreme Court on direct review). Therefore the one-year statute of limitations began to run at that time. Day one is March 22, 2005. *See Hutton v. Brigano*, 9 Fed. Appx. 422 (6th Cir. 2001), *available in* 2001 WL 549227 (Hutton had until December 17, 1996, to file his certiorari petition with the United States Supreme Court. The court determined the statute of limitations began to run on December 18, 1996). Petitioner filed his state post-conviction petition on November 18, 2005, which tolled the statute of limitations after two hundred and forty-two (242) days had elapsed. At the time Petitioner filed his state post-conviction petition he had one hundred and twenty-three days remaining to file his habeas petition with the district court.

The statute was tolled from November 18, 2005, until January 20, 2009, when the Tennessee Supreme Court denied Petitioner permission to appeal the dismissal of his state post-conviction petition (Court File No. 19-1, at 59). *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari"). The statute began to run again on January 21, 2009, at the conclusion of the state post-conviction proceedings. On May 1, 2009, Petitioner filed a motion to reopen his state habeas corpus petition. Without citing any law or providing any

---

[3] The statute of limitations period actually expired on Sunday, March 20, 2005. Pursuant to the computation rules in the Federal Rules of Civil Procedure, since the last day of the period ended on Sunday, the period continues to run until the end of the next day that is not weekend or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

4

analysis, Respondent stated the petition contains no evidence of any additional tolling event after January 20, 2009, which was the date the Tennessee Supreme Court denied Petitioner permission to appeal the denial of post-conviction relief (Court File No. 16-1, at 3). The Court presumes, therefore, Respondent is taking the position that the motion to reopen did not toll the statutory time-period because such a motion is not part of the ordinary process of collateral review in Tennessee, and therefore, cannot serve to toll the one year statute of limitations for purposes of AEDPA's stature of limitations. The weight of authority in this district, however, is to the contrary.

    1.    *Motion to Reopen*

In *Cochran v. Dodson,* Civil Action No. 1:04-cv-384 (E.D. Tenn. July 27, 2005) and *Fritts v. Mills*, Civil Action No. 3:05-cv15 (E.D. Tenn. Sept, 30, 2005), two other judges in this district tolled the federal habeas statute of limitations during the time in which a motion to reopen state post-conviction proceedings was pending. *See also Patterson v. Brandon*, 2008 WL 821986, at *2 (M.D. Tenn. March 24, 2008)("[T]he Tennessee General Assembly and the Supreme Court of Tennessee consider a motion to reopen a completed post-conviction petition as part of the ordinary course of Tennessee's post-conviction review process); *but see Nimmons v. Carlton,* Civil Action No. 3:05-cv-353 (E.D.Tenn. Dec. 21, 2005) (another judge in this district holding a motion to reopen post-conviction proceedings cannot toll § 2244(d)'s one-year statute of limitation because such a motion is not part of the ordinary course of Tennessee' collateral review process). Although there are conflicting decisions on this issue in this district, the weight of authority indicates the motion to reopen state post-conviction proceedings toll the AEDPA one-year statute of limitations to the extent the statute is tolled only where a second collateral attack is itself timely. *See Fuller v. Thomas*, 110 Fed. Appx. 496, 498 (6th Cir. Aug. 24, 2004) (citing *Carey v. Safford*, 536 U.S. 214, 226 (2002).

5

Therefore, for purposes of this discussion the Court will consider the statute of limitation as once again tolled on May 1, 2009, upon Petitioner filing his motion to reopen his post conviction proceedings. The previously elapsed two hundred and forty-two (242) days added to the one-hundred and one (101) days that elapsed between the conclusion of the state post-conviction proceedings and the filing of the state motion to reopen postconviction proceedings results in 343 days running on the statute of limitation.

Here, Petitioner's motion to reopen was timely, however, the Tennessee Supreme Court concluded his application to appeal was untimely. Therefore, his improperly filed application for discretionary review did not toll the AEDPA statute of limitations. *Evans v. Chavis*, 546 U.S. 189, 197 (2006) ("In *Saffold*, we held that (1) only a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court . . . "). Therefore, treating the motion to reopen as tolling the statute of limitations, it appears the tolling period would have ended on December 22, 2009, the date on which the Court of Criminal Appeals denied relief on the motion to reopen. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ("[W]e hold that time limits, no matter their form, are "filing" conditions. Because the state court rejected [the] petition as untimely, is was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Vroman v. Brigano,* 346 F.3d 598 (6th Cir. 2003) (federal courts must accept a state court's finding that post-conviction petition was untimely and untimely state post-conviction petition does not statutorily toll limitations); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (properly-filed state collateral action is one which complies with applicable state laws and rules governing filings, including time limits upon its delivery); *see also Wilberger v.*

6

*Carter*, 35 Fed. Appx. 111 (6th Cir. 2002), *available in* 2002 WL 89671, at *3 (untimely state post-conviction petitions are not "properly filed" and will not toll the one-year statute of limitations).

Therefore, the statute of limitations was tolled from the date Petitioner filed his motion to reopen his state post-conviction proceeding–May 1, 2009–until the date the Court of Criminal Appeals denied relief on his motion to reopen–December 22, 2009. Since the statute of limitation was not tolled after December 22, 2009, because Petitioner's application for permission to appeal was untimely, and therefore, not "properly filed" as required by 28 U.S.C. § 2244(d)(2), the time began to run again on December 23, 2009.

Since 343 days had already elapsed, Petitioner had twenty-two days, i.e., until January 13, 2010, to filed his federal habeas petition. Whether Petitioner gave his § 2254 petition to prison authorities for mailing on April 29, 2010, as he declares under penalty of perjury, or on May 3, 2010, as reflected by the mail room stamp on his envelope, his motion was filed more than three months too late. The statute of limitations provides that a § 2254 petition must be filed within three hundred and sixty-five days (365) from the date on which the conviction became final with proper periods of tolling; Petitioner's federal habeas petition was filed more than four hundred (400) days after his conviction became final with the proper periods for tolling.

In sum, at the time Petitioner filed his state motion to reopen his state post conviction petition 343 days had elapsed and he had twenty-two days before the statute of limitation expired. The timely portion of Petitioner's state proceeding on his motion to reopen ended on December 22, 2009. Therefore, Petitioner was required to file his petition within twenty-two days or, on or before, January 13, 2010. Since Petitioner's § 2254 petition was filed on April 29, 2010, or May 3, 2010, it is time-barred in terms of statutory tolling.

2. *Equitable Tolling*

The one-year statute of limitations period in 28 U.S.C. § 2244(d) is subject to equitable tolling upon showing by a petitioner that he diligently pursued his rights and that some extraordinary circumstance prevented him from timely filing his habeas petition, *Holland v. Florida* 130 S.Ct. 2549, 2560 (2010). Petitioner, who has the burden of establishing he is entitled to equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), alleges he has been diligently pursuing his rights and that the statute of limitations should be tolled because he is caught in a "procedural trap" and the last tolling event was April 9, 2010 (Court File No. 19, at 2-3).[4]

As the Court understands, Petitioner claims he was in a "procedural trap" because *Apprendi v. New Jersey,* 530 U.S. 466 (2000) was decided before he was sentenced but *Blakely v. Washington,* 542 U.S. 296 (2004) was decided while his case was pending on direct appeal, and he has been denied due process by the refusal of the Court's of Tennessee to address his *Blakely* claim and give him relief. This circumstance, however, does not amount to an extraordinary circumstance which prevented him from timely filing his federal habeas petition; thus, equitable tolling is not warranted based on the "procedural trap" claim.

Although Petitioner's argument is not clear, the Court presumes he claims his federal habeas petition should not be barred because, *inter alia,* he timely mailed his appeal to the Supreme Court of Tennessee and had no control over its tardy delivery.[5] To put this claim into perspective, it is

---

[4] Due to Petitioner's mistaken believe that his untimely Rule 11 application continued to toll the one-year federal habeas statute of limitation, he maintains that his habeas corpus petition is not time-barred.

[5] In his response to Respondent's motion to dismiss/summary judgment, Petitioner asserts, without providing any factual support, that he pointed out to the state supreme court "that during the week of February 18, 2010, there was a snow and ice storm that may have delaied [sic]

8

necessary to review the state court orders finding his appeal was untimely filed. According to the state court record provided by Petitioner, the Supreme Court of Tennessee made the following pertinent findings when they concluded his application to appeal the denial of his motion to reopen his state post-conviction proceedings was untimely:

> Tenn R. App. P. 11(b) provides that an application for permission to appeal to the Supreme Court shall be filed within sixty days of the intermediate appellate court's judgment ruling on the petition for rehearing. The sixty-day period for filing an application for permission to appeal is jurisdictional and cannot be extended. *See* Tenn. R. App. P. 2 and 21(b); *State v. Sims*, 626 S.W.2d 3 (Tenn. 1981).
>
> The judgment of the Court of Criminal Appeals was filed on December 22, 2009. Consequently, the time for filing an application for permission to appeal expired on February 20, 2010. The application filed by Marty William Thomas was filed on March 1, 2010. Therefore, the application was not timely filed, and this Court is without jurisdiction to consider the merits of the application.

(Court File No. 2-1, at 51).[6] Petitioner then filed a motion to rehear which the Supreme Court of Tennessee likewise denied explaining in pertinent part as follows:

> On March 22, 2010, the Court dismissed as untimely the application for permission to appeal which was filed by Marty William Thomas. Mr. Thomas has filed a petition to rehear, asking the Court to reconsider the dismissal of his application. In summary, Mr. Thomas asserts that his application was mailed on February 19, 2010, "postage pre-paid for over night delivery (24) hours deliver" [sic] and that his application therefore was timely filed.
>
> Pursuant to Tenn. R. App. P. 11, the deadline for Mr. Thomas to file his application for permission to appeal was Monday, February 22, 2009. Although the certificate of service on Mr. Thomas's Rule 11 application is dated February 18, 2010, the postmark on the envelope in which his application was mailed to the Clerk is dated February 25, 2010; the application was not received and filed by the Clerk until Monday, March 1, 2010. Under these circumstances, the Court finds that the petition

---

the mail service to deliver the application. Such speculation is insufficient to meet the extraordinary circumstance prong required for equitable tolling.

> [6] Although of no consequence, it appears the time actually expired on February 22, 2010, as February 20, 2010, fell on a Saturday.

9

to rehear is not well-taken and should be denied.

(Court File No. 2-1, at 52).

There are two cases the Court's research revealed which require some discussion. In both cases the Sixth Circuit concluded equitable tolling was applicable under circumstances where a state supreme court deemed an application for review untimely. Both cases, however, are clearly distinguishable from Petitioner's. In *White v. Curtis*, 42 Fed. Appx. 698 (6th Cir. 2002), a case which was decided before the Supreme Court of the United States adopted a two-part equitable tolling test, the prisoner delivered his direct appeal application for leave to appeal in the Michigan Supreme Court to prison officials on February 6, 1996, two days before his fifty-six day appeal period ended. The Clerk did not receive the application until February 9, 1996, one day after the expiration of the appeal period. Michigan does not recognize the federal prisoner mailbox rule so the application was dismissed as time-barred. If Michigan did recognize the rule, however, the federal habeas petition would have been timely.

Therefore, the Sixth Circuit applied equitable tolling pursuant to the five factors identified in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), which was in effect at that time and considers different factors than those required by *Holland v. Florida* 130 S.Ct. 2549, 2560 (2010). Although a Petitioner's due diligence is a factor in both the *Andrews* and *Holland* test, the *Andrews v. Orr* factors include a petitioner's lack of notice and constructive notice of the filing requirement, absence of prejudice to respondent, and petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim but does not require proof that an extraordinary circumstance prevented a petitioner from timely filing his habeas petition. Furthermore, the Sixth Circuit has instructed "[t]he analysis in ...and *White [v. Curtis]* does not survive *Holland*, which focuses on

10

whether extraordinary circumstances prevented a timely filing, and it is questionable whether . . . [the *White*] case would be decided the same way under the two-part test that now controls when equitable tolling applies." *Johnson v. United States*, 457 Fed. Appx. 462, *470 (6th Cir. 2012).

Notably, in *White* there was no dispute as to the assertion that the appeal was delivered to prison authorities on February 6, 1996. Here, however, the Supreme Court of Tennessee's order clearly demonstrates a dispute as to Petitioner's certificate of service dated February 18, 2009,[7] his assertion "that his application was mailed on February 19, 2010, postage pre-paid for over night delivery (24) hours delivery," and the postmark on the envelope dated February 25, 2010 (Court File No. 2-1, at 51). Therefore, facts in Petitioner's case of the conflicting evidence of when the appeal was delivered to the prison mail system are clearly distinguishable from those in *White* where there was no dispute of when the appeal was delivered to prison authorities, and do not amount to an extraordinary circumstance which prevented him from timely filing his federal habeas petition.

In a more recent case where the Michigan Supreme Court rejected an application for review as time-barred, the application actually arrived at the Michigan Clerk's office on the last day of the filing period–at 9:05 a.m. on July 5, 2007–but was not docketed until the next day. *Ross v. McKee*, 465 Fed. Appx. 469,475 (6th Cir. (2012). Therefore, the Sixth Circuit held "because Ross's application arrived timely at the address the Michigan Supreme Court designated for court documents, the federal courts should treat it as timely filed for the purposes of § 2244(d)'s limitations periods. The statute of limitations should be tolled from May 9, 2007, to July 5, 2007,

---

[7] The Court is unable to determine whether Petitioner actually dated his certificate of service with the year 2009 or whether this is a typographical error in the state supreme court's order. Nevertheless, the Court's analysis is based on the date of February 18, 2010, as the date in the certificate of service.

11

. . ." *Id*. at 476.  Again, Petitioner's factual circumstances are clearly distinguishable from the factual circumstances in *Ross*.

Here, in addition to what appears to be conflicting evidence regarding the actual placement of Petitioner's Rule 11 application in the prison mail system, Petitioner's application was postmarked three days after the expiration of the time for filing a Rule 11 application and arrived at the Tennessee Supreme Court seven days after the expiration of the deadline.  Therefore, applying the *Holland* equitable tolling test, Petitioner has failed to demonstrate an extraordinary circumstance prevented him from timely filing his federal habeas petition.  Accordingly, equitable tolling of the limitations period is not available to Petitioner and his habeas corpus petition is untimely under 28 U.S.C. § 2244.[8]

## II. CONCLUSION

Because Petitioner's § 2254 petition is time-barred, the Court declines to address his motion for summary judgment.  Accordingly, it is hereby **ORDERED** Petitioner's motion for summary judgment will be **DENIED** (Court File no. 10), Respondent's motion to dismiss/summary judgment will be **GRANTED** (Court File no. 16), and Petitioner's petition for writ of habeas corpus will be

---

[8] Notably, even applying the *Ross* result to Petitioner's case and tolling the statute of limitations until February 22, 2009, the date on which his Rule 11 motion would have been timely filed, Petitioner's federal habeas petition still would have been untimely as he had twenty-two days, i.e., until March 16, 2010, to file his federal habeas petition, which was not filed until April 29, 2010, according to Petitioner's certificate, or May 3, 2010, according to the prison stamp on the envelope.  Even if the statute of limitation was tolled until March 22, 2010, the date on which the Supreme Court of Tennessee issued their first order notifying Petitioner his Rule 11 application was untimely, his federal habeas petition would still be untimely as that scenario would only extend the statute to April 13, 2010, still rendering his April 29, 2010/May 3, 2010, federal habeas petition tardy.  Undoubtedly, Petitioner would not be entitled to equitable tolling to pursue his motion to rehear, as that delay cannot be attributed to the mail system or any other circumstance beyond Petitioner's control, but is solely attributable to Petitioner's decision to file a motion to rehear rather than a federal habeas petition.

**DISMISSED** as time-barred (Court File No. 2). In addition, Petitioner's motion for default judgment will be **DENIED** (Court File No. 17).

An appropriate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**